UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRANDON RISHAWN CREWS,<br><br>　　　　　　　　Plaintiff,<br>　v.<br><br>PATTY JACKSON, et al.,<br><br>　　　　　　　　Defendants. | Case No. 3:23-cv-06145-JNW-TLF<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR JUNE 20, 2024 |

This matter comes before the Court on Defendant NaphCare, Inc's motion to dismiss Plaintiff's complaint (Dkt. 4) pursuant to Federal Rule of Civil Procedure (Fed. R. Civ. P) 12(b)(6). Dkt. 11. Plaintiff, who is a pre-trial detainee at Pierce County Jail, is proceeding *pro se* and was granted *in forma pauperis* status on December 21, 2023. Dkt. 3. Plaintiff did not respond to NaphCare's motion to dismiss.

For the following reasons, NaphCare's motion to dismiss should be GRANTED. Plaintiff should have an opportunity to amend his complaint to bring claims against NaphCare.

I.　　BACKGROUND

The facts as described are alleged in the complaint (Dkt. 4) and are assumed to be true only for the purposes of reviewing this motion. *Cedar Point Nursery v. Shiroma*, 923 F.3d 524, 530 (9th Cir. 2019).

REPORT AND RECOMMENDATION - 1

Plaintiff, a pretrial detainee, brings claims against Defendants Pierce County, Correctional Officer Desmond, Correctional Officer Smith, Sergeant Patty Jackson, and NaphCare. Dkt. 4. Plaintiff identifies NaphCare as the "medical provider for Pierce County Jail." *Id.* at 3, 10.

Plaintiff alleges the conditions at Pierce County Jail have placed him at risk of contracting and spreading disease. *Id.* at 5, 8. Specifically, he points to the inoperable plumbing systems, denied requests for cleaning supplies, and very poor air quality in the Jail. *Id.* at 1.2, 1.3, 3.2-4.2. The exposure to "methane fumes and septic waste" have caused him to suffer "flu like symptoms." *Id.* at 2.2.

With respect to NaphCare, Plaintiff alleges unnamed personnel ignored or denied his requests for medical examinations on unspecified dates, thereby violating his Fourteenth Amendment rights. *Id.* at 2.3. These providers allegedly refused to identify themselves and knowingly left him "in a state of pain and suffering, physically and mentally." *Id.* at 2.4. Plaintiff states he informed Officer Smith that medical staff were denying him cleaning supplies and disregarding his kites and grievances. *Id.* at 2.6.

II.  DISCUSSION

A. Legal Standards

1. Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir.

1983) (citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of [their] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (citations omitted).

When a plaintiff appears *pro se* in a civil rights case, "the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988). This lenient standard does not excuse a *pro se* litigant from meeting the most basic pleading requirements. *See, American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000).

42 U.S.C. § 1983 "affords a 'civil remedy' for deprivation of federally protected rights caused by persons acting under color of state law." *Parratt v. Taylor*, 451 U.S. 527, 535 (1981) overruled in part on other grounds by *Daniels v. Williams*, 474 U.S. 327 (1986). To state a claim under Section 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Id*. Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985). A pretrial detainee has a due process right under the

1  Fourteenth Amendment[1] to be protected from harm while in custody. *Castro v. Cnty. of*
2  *Los Angeles*, 833 F.3d 1060, 1067–68 (9th Cir. 2016).
3       Plaintiff must set forth the specific factual basis upon which the plaintiff claims
4  each defendant is liable. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1982). Vague
5  and conclusory allegations of officials participating in a civil rights violation are not
6  sufficient to support a claim under Section 1983. *Ivey v. Board of Regents*, 673 F.2d
7  266, 268 (9th Cir. 1982).
8                   2.  Federal Rule of Civil Procedure 8(a)
9       Under Federal Rule of Civil Procedure 8(a)(2), a plaintiff "must plead a short and
10 plain statement of the elements of his or her claim, identifying the transaction or
11 occurrence giving rise to the claim and the elements of the prima facie case[.]" *Bautista*
12 *v. Los Angeles Cnty.*, 216 F.3d 837, 840 (9th Cir. 2000). "Although the rule encourages
13 brevity, the complaint must say enough to give the defendant 'fair notice of what the
14 plaintiff's claim is and the grounds upon which it rests.' " *Tellabs, Inc. v. Makor Issues &*
15 *Rts., Ltd.*, 551 U.S. 308, 319 (2007) (quoting *Dura Pharms., Inc. v. Broudo*, 544 U.S.
16 336, 346 (2005)).
17       B.  *Monell* Liability
18       Municipalities, and by extension their corporate contractors, may be held liable
19 under 42 U.S.C. § 1983 only where they "inflict[ ] an injury." *Gibson v. Cnty. of Washoe,*
20 *Nev.*, 290 F.3d 1175, 1185 (9th Cir. 2002), *rev'd on other grounds by Castro v. Cnty. of*
21 *Los Angeles*, 833 F.3d 1060 (9th Cir. 2016). They cannot be sued under a *respondeat*
22
23
24 [1] Plaintiff brings an Eighth Amendment claim against NaphCare as well; a pre-trial detainee, however, is protected under the Due Process Clause of the Fourteenth Amendment, not the Eighth Amendment.
25

*superior* theory of liability. *See Gibson*, 290 F.3d at 1175; *see also Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978) ("[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.").

To adequately plead a § 1983 municipal liability claim under *Monell* against NaphCare as an entity that is working with Pierce County, Plaintiff must plausibly allege, "(1) that [the detainee] possessed a constitutional right of which he was deprived; (2) that [the defendant] had a policy; (3) that this policy amounts to deliberate indifference to the [detainee's] constitutional right, and (4) that the policy is the moving force behind the constitutional violation." *Dougherty v. City of Covina*, 654 F.3d 893, 900 (9th Cir. 2011).

In this case, Plaintiff makes no allegations concerning any official policy or that NaphCare itself made intentional decisions with respect to Plaintiff's confinement. Plaintiff states medical personnel denied his kites and requests for medical examinations, but he does not allege a policy, practice or custom related to those denials. Further, even if Plaintiff did identify a policy, practice or custom, Plaintiff fails to allege that this policy amounts to deliberate indifference to his constitutional rights under the Fourteenth Amendment, or that the policy is or was the moving force behind the constitutional violation. Plaintiff's claim against NaphCare, as it is currently alleged, is conclusory allegation of NaphCare as an entity (Dkt. 4, at 10) and one or more unidentified individual(s) who allegedly work for NaphCare, being liable under the *respondeat superior* theory, which is impermissible (Dkt. 4 at 6).

Thus, Plaintiff's Fourteenth Amendment claim against NaphCare should be dismissed without prejudice.

III.   CONCLUSION

The Court should GRANT NaphCare's motion to dismiss Plaintiff's Fourteenth Amendment claim without prejudice. Because Plaintiff is a pre-trial detainee, the Court should dismiss Plaintiff's Eighth Amendment claim against NaphCare with prejudice.

Where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Even after a complaint has been amended or a responsive pleading has been served, the Federal Rules of Civil Procedure provide that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir. 1990). "In determining whether leave to amend is appropriate, the district court considers 'the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.' " *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)).

Plaintiff may be able to overcome some of the deficiencies of the complaint if he is given an opportunity to amend.  Accordingly, the Court finds that the interests of justice require giving Plaintiff leave to amend to correct his Fourteenth Amendment deliberate indifference claim against Naphcare.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also*

1  Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for
2  purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can
3  result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474
4  U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations
5  omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is
6  directed to set the matter for consideration on June 20, 2024, as noted in the caption.

Dated this 4th day of June, 2024.

Theresa L. Fricke
United States Magistrate Judge