UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRANDON CREWS,

            Plaintiff,

   v.

PATTY JACKSON, et al.,

           Defendants.

Case No. C23-6145-TSZ-SKV

ORDER STAYING ACTION

This is a civil rights action proceeding under 42 U.S.C. § 1983. Defendants filed a Motion to Stay. Dkt. 23.[1] As discussed in that motion, the instant action is one of a number of cases filed by present and former Pierce County Jail inmates asserting claims concerning the plumbing and sewage system at the Jail. The Court has appointed counsel in one such case,

---

[1] Plaintiff did not respond to Defendants' motion. However, it is not clear whether Plaintiff received notice of the motion given that two days prior to the filing of the motion and on two subsequent occasions mail delivered to Plaintiff has been returned to the Court as undeliverable. *See* Dkt. 22 (January 21, 2025), Dkt. 25 (February 5, 2025) & Dkt. 27 (March 3, 2025). This matter may, as such, soon be subject to dismissal pursuant to Local Civil Rule 41(b)(2) ("If mail directed to a pro se plaintiff by the clerk is returned by the Postal Service, or if email is returned by the internet service provider, and if such plaintiff fails to notify the court and opposing parties within 60 days thereafter of his or her current mailing or email address, the court may dismiss the action without prejudice for failure to prosecute.")

ORDER STAYING ACTION - 1

*Wolfclan v. Washington State DSHS*, C23-5399-TSZ-SKV, which was filed as a proposed class action. Plaintiffs in the *Wolfclan* case are seeking class-wide declaratory and injunctive relief. Plaintiff here is a potential member of the proposed class in *Wolfclan*, though a decision on whether the proposed class will ultimately be certified is not likely to occur before the spring of 2025 at the earliest.

Regardless of whether this action ends up proceeding in whole or in part independently of *Wolfclan*, decisions made in that case are likely to have some impact on the manner in which this case proceeds. Moreover, the discovery currently being collected in the *Wolfclan* case is likely to be relevant to issues raised in this action, particularly that which goes to issues of liability. It is more efficient at this juncture for discovery to proceed in a single case, rather than in each of the individual actions that are currently pending, including the instant action.

Accordingly, the Court hereby ORDERS as follows:

(1)  Defendants' Motion to Stay, Dkt. 23, is GRANTED, and the instant action is STAYED. The stay shall remain in effect until further order of the Court. The Clerk is directed to statistically close this case at the present time.

(2)  The parties are advised that any depositions taken and any written discovery and documents exchanged in *Wolfclan*, which pertain to class-wide liability issues, may be used in this action and will be deemed taken or exchanged for purposes of this action, subject to entry of an appropriate protective order consistent with the Stipulated Protective Order entered in *Wolfclan*, Case No. C23-5399-TSZ-SKV, Dkt. 138. Should Plaintiff's deposition be taken as a part of the *Wolfclan* litigation, that deposition may be used for all purposes in the instant action.

(3)  The Clerk is directed to send copies of this Order to Plaintiff and to the Honorable

/ / /

1  Thomas S. Zilly.

2  Dated this 7th day of March, 2025.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER STAYING ACTION - 3